IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHANDALE D. MILLER,

    Petitioner,

    v.

TIM BRUNSMAN, WARDEN,

    Respondent.

CASE NO. 2:10-CV-1034
JUDGE WATSON
MAGISTRATE JUDGE ABEL

## REPORT AND RECOMMENDATION

Petitioner Chandale D. Miller, a state prisoner, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254. This matter is before the Magistrate Judge on the petition, Respondent's Return of Writ, and the exhibits of the parties.

This case involves Miller's October 24, 2003 convictions after a jury trial in the Franklin County Court of Common Pleas of kidnapping, felonious assault, attempted murder, and having a weapon while under disability, with specifications. The Ohio Tenth District Court of Appeals affirmed Miller's convictions, and the Ohio Supreme Court dismissed his appeal. Petitioner also pursued post conviction relief, to no avail. In this federal habeas corpus petition, Miller asserts he was denied the effective assistance of counsel because his attorney failed to meet or consult with him prior to trial and failed to call a defense witness. For the reasons that follow, the Magistrate Judge concludes that the latter claim is procedurally defaulted, and the former claim without merit.

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

# FACTS and PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> [A]ppellant was originally indicted on a total of ten charges on January 18, 2002. At his arraignment on January 23, 2002, he swore out an affidavit of indigency, which resulted in counsel being appointed to represent him. Counsel began preparing for trial.
>
> Five weeks later, appellant informed the lawyer that he wanted another lawyer to represent him, so the first lawyer filed a motion seeking leave to withdraw as counsel. A second experienced criminal defense lawyer was then appointed to represent appellant.
>
> Appellant was able to post bond and be released from custody, but violated an order to stay away from the victim of his crimes, resulting in his bond being revoked.
>
> Appellant then hired an experienced criminal defense lawyer to represent him in the summer of 2002. New counsel filed a series of motions, including a motion to suppress identification. After appellant and his family failed to pay retained counsel, the trial judge assigned to the case appointed the attorney rather then allow counsel to withdraw and appoint a fourth attorney.
>
> During this time frame, appellant's case was set for trial numerous times and continued numerous times for a variety of reasons, including the changes in counsel.
>
> In May 2003, the trial court allowed the third attorney to be replaced and appointed yet another experienced criminal defense lawyer to represent appellant. The trial was continued until July 7, 2003 and subsequently continued again to September 16, 2003 and to October 20, 2003.
>
> The case finally proceeded to trial beginning October 20, 2003. On the second day of jury selection, appellant informed the court that he

> wanted to fire his fourth attorney, have his trial continued and then
> retain new counsel. The trial judge refused the request and had the
> trial proceed.

*State v. Miller*, No. 04AP-37, 2008 WL 2587051, at *1 (Ohio 10th App. Dist. June 30, 2008). On October 24, 2003, Petitioner was found guilty of kidnapping, felonious assault, attempted murder, and having a weapon while under disability, with specifications. *Exhibit 14 to Return of Writ*. On December 18, 2003, the trial court imposed an aggregate term of sixteen years plus three years actual incarceration for use of a firearm. *Id*. Petitioner did not timely appeal; however, on September 25, 2007, the state appellate court granted his motion for reopening of his appeal. *Exhibit 25 to Return of Writ*. Through new counsel, Petitioner raised the following assignments of error:

> I. The trial court abused its discretion in failing to grant defendant's request for a continuance to hire private counsel thereby depriving appellant of his rights as guaranteed by the sixth and fourteenth amendments to the united states constitution.
>
> II. The trial court erred by denying appellant's motion to suppress identification as the identification process was inherently unreliable and tainted by improper law enforcement procedures, thereby denying appellant his right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.

*State v. Miller,* 2008 WL 2587051, at *1. On June 30, 2008, the state appellate court affirmed the judgment of the trial court. *Id*. On December 3, 2008, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Miller*, 120 Ohio St.3d 1421 (2008).

Petitioner Miller additionally pursued post conviction relief. On August 5, 2008, he filed a petition for post conviction relief with the state trial court. He asserted denial of the effective assistance of counsel based on his attorney's failure to meet or consult with him prior to trial and

3

failure to call as a defense witness Ann Taylor to impeach the testimony of William Burton, the alleged victim. *Exhibit 34 to Return of Writ*. On January 15, 2009, the trial court denied Miller's post conviction petition. *Exhibit 36 to Return of Writ*. He filed a timely appeal. Miller raised the following assignments of error:

> I. THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING APPELLANT'S PETITION TO VACATE OR SET ASIDE JUDGMENT AND SENTENCE WITHOUT A HEARING WHEN APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DUE TO TRIAL COUNSEL'S FAILURE TO MEET WITH APPELLANT PRIOR TO AND DURING TRIAL.
>
> II. THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING APPELLANT'S PETITION TO VACATE OR SET ASIDE JUDGMENT AND SENTENCE WITHOUT A HEARING WHEN APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DUE TO TRIAL COUNSEL'S FAILURE TO CALL A WITNESS.

*State v. Miller*, No. 09AP-148, 2009 WL 2196763, at *1 (Ohio App. 10th Dist. July 23, 2009). On July 23, 2009, the state appellate court affirmed the judgment of the trial court. *Id*. On November 18, 2009, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Miller*, 123 Ohio St.3d 1497 (2009).

On November 17, 2010, Petitioner filed this federal habeas corpus action. He alleges (1) that he was denied effective assistance of trial counsel because his attorney failed to meet or consult with him prior to trial in order to prepare a defense and; (2) that he was denied effective assistance of counsel because his attorney failed to call a defense witness who would have shown bias of the alleged victim.

It is the position of the Respondent that Petitioner's claims are procedurally defaulted or

4

without merit.

## PROCEDURAL DEFAULT

Respondent contends that Petitioner has waived claim two for federal habeas corpus review by failing to present such claim in his appeal to the Ohio Supreme Court in post conviction proceedings.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural

forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.*

In claim two, Petitioner Miller asserts that he was denied effective assistance of counsel because his attorney failed to call a defense witness. This claim, which relies on matters that are not readily apparent from the face of the record, properly was raised in post conviction proceedings. Petitioner failed, however, again to raise this same claim in his appeal to the Ohio Supreme Court. *See Exhibit 42 to Return of Writ.* Further, he may now no longer do so, under Ohio's doctrine of *res judicata*. *See State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry,* 10 Ohio St.2d 175 (1967). The state courts were never given an opportunity to enforce the procedural rule at issue due to the nature of Petitioner Miller's procedural default.

The Court finds that Ohio's *res judicata* rule is adequate and independent under the third part of the *Maupin* test. To be "independent," the procedural rule at issue, as well as the state court's reliance thereon, must rely in no part on federal law. *See Coleman v. Thompson*, 501 U.S. 722, 732–33 (1991). To be "adequate," the state procedural rule must be firmly established and regularly followed by the state courts. *Ford v. Georgia*, 498 U.S. 411 (1991). "[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by this Court of a federal constitutional claim." *Id.* at 423 (quoting *James v. Kentucky*, 466 U.S. 341, 348–351 (1984)); *see also Barr v. City of Columbia*, 378 U.S. 146, 149 (1964); *NAACP v. Alabama ex rel. Flowers*, 377 U.S. 288, 297 (1964); *see also Jamison v. Collins*, 100 F.Supp.2d 521, 561

(S.D. Ohio 1998).

The Sixth Circuit has consistently held that Ohio's doctrine of *res judicata*, *i.e.*, the *Perry* rule, is an adequate ground for denying federal habeas relief. *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir.2001); *Seymour v. Walker,* 224 F.3d 542, 555 (6th Cir.2000); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir.2000); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir.1998). Ohio courts have consistently refused, in reliance on the doctrine of *res judicata*, to review the merits of claims because they are procedurally barred. *See State v. Cole*, 2 Ohio St.3d at 112; *State v. Ishmail*, 67 Ohio St.2d at 16. Additionally, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Court concludes that res judicata does not rely on or otherwise implicate federal law. Accordingly, this Court is satisfied from its own review of relevant case law that the *Perry* rule is an adequate and independent ground for denying relief.

Petitioner Miller has waived claim two for federal habeas corpus review. Furthermore, he has failed to establish cause and prejudice for this procedural default. Finally, the record fails to reflect that this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *See Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley,* 505 U.S. 333.

## CLAIM ONE

In claim one, Miller asserts he was denied effective assistance of counsel because his attorney failed to meet or consult with him prior to trial. The state appellate court rejected this claim as follows:

7

The assignments of error in the present appeal relate to the difficulties Miller experienced with the various counsel, but center on the problems he alleges he experienced with the last counsel. Specific-ally, he alleges that he had minimal communication with his lawyer before the trial began. He supported this allegation with records of his jail visitors, which indicate that his lawyer did not see him at the Franklin County Corrections Center. However, Miller had numerous other visitors, including his wife, grandmother, sister, friends, mem-bers of clergy, and other attorneys. We cannot know what the other visitors communicated to trial counsel and what trial counsel com-municated to Miller via these other visitors.

We also cannot tell from the record before us what other avenues of communication were or were not used. Jail inmates have the right to send letters involving their case to legal counsel and to receive confidential correspondence from legal counsel. Inmates also have access to telephones for direct calls to counsel and can use three-way calling via friends and/or family to communicate with counsel.

During the trial of Miller's case, Miller indicated that he had talked to his lawyer on two occasions, a previous court date and the day his trial was scheduled to begin. Miller stated, "I ain't even talked to him about nothing about my case or nothing.I don't feel like it would be a fair trial." (Tr. 10, Vol.VIII.)

Miller went on to state:

We didn't talk over nothing on my case at all. The whole time he's been on my case he just picked up the file from my last lawyer last week. So it's like how do he know anything about my case.

(Tr. 11, Vol.VIII.)

Miller's statements at the time of trial were not under oath, so are not literally testimony or evidence. However, assuming they are true, counsel's failure to meet with Miller before trial does not literally mean that counsel rendered ineffective assistance. The trial court found that there was an "absence of evidence demonstrating the overall communications between petitioner and trial counsel was inadequate for a case like this one." R. 820.) Therefore, Miller has not satisfied the first part of the *Strickland* test. In addition, the testimony at trial overwhelmingly establishes Miller's guilt. For counsel to be found to have rendered ineffective assistance, the outcome of the trial must have been affected. The outcome of the trial was not affected. Miller was a longtime seller of crack cocaine who was well known to his victims. He terrorized them for a long period of time, and shot them because he believed they had stolen his supply

> of crack cocaine. His identity as the shooter was not in serious debate. The fact he shot both victims, almost killing one of them, was clear. His use of a firearm when he was under a legal disability was clear. Counsel's failure to get Miller acquitted of attempted murder, felonious assault, kidnapping, gun specification and having a weapon under disability was not a reflection upon counsel's performance, but a reflection of the underlying facts. Thus, Miller has also failed to fulfill the second part of the *Strickland* test. *Id.*

*State v. Miller,* 2009 WL 2196763, at *3.

The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. § 2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Court of Appeals for the Sixth Circuit has summarized this standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from the Supreme Court's decisions but unreasonably applies it to the facts of the petitioner's case.

*Boykin v. Webb,* 541 F.3d 638, 642 (6th Cir. 2008) (quoting *Williams v. Taylor,* 529 U.S. 362 (2000)). Petitioner has failed to meet this standard here.

The right to counsel guaranteed by the Sixth Amendment is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. at 687; *see also Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir.1987). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the

challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 697. Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Strickland*, 466 U.S. at 697.

Petitioner has failed to establish that the state appellate court unreasonably applied or contravened Strickland, or that its decision was based on an unreasonable determination of the facts. Nothing in the record supports Petitioner's allegation that he never spoke or consulted with his attorney prior to trial. Further, and particularly in view of the overwhelming evidence of guilt, Petitioner has failed to establish prejudice. He does not indicate, and nor does the record reflect, any inadequate performance by defense counsel, resulting from his alleged failure to consult with Petitioner, that prejudiced him.

Claim two is without merit.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those

11

portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/Mark R. Abel  
United States Magistrate Judge